IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MELVIN HENLEY, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | Case No. 16 C 5086 |
| v. | Judge Harry D. Leinenweber |
| TRUSTMARK RECOVERY SERVICES, And JOHN DOES, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Trustmark Recovery Services' Motion to Dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6) [ECF No. 14]. For the reasons stated herein, the Motion is granted.

### I. BACKGROUND

The following facts are contained in Plaintiff's Complaint and the attached exhibit, and are presumed true for purposes of deciding the motion to dismiss. *Gillman v. Burlington N. R.R. Co.,* 878 F.2d 1020, 1022 (7th Cir. 1989).

In April of this year, Plaintiff Melvin Henley received from Defendant Trustmark Recovery Services a debt collection letter. Plaintiff alleges that the letter violates the Fair Collection Practices Act and files this lawsuit on behalf of

Illinois consumers who received similar letters from Defendant. The portion from the letter that Plaintiff complains of reads as follows:

> Unless you notify this office within 30 days after receiving this notice that you dispute *the validity of this debt or any portion thereof,* this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute *the validity of this debt* this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

(ECF No. 1, Ex. A (hereafter, the "Collection Letter") (emphasis added).)

Plaintiff claims that by omitting the words "or any portion thereof" from the second sentence of the Collection Letter, Defendant had failed to "provide an accurate and correct validation notice" as required by 15 U.S.C. §1692g(a)(4). This is because by "omitting this statutorily required language," Defendant misled Plaintiff, and those like him, into believing that he must "dispute the *entire* debt" when in fact the law allows a purported debtor to dispute any part of the debt and thereby trigger the verification obligation of the debt collector. (Pl's Memo. Opp. Def's Mot. Dismiss, ECF. No. 15 (emphasis in original).) Defendant, on the other hand, contends that when the two sentences are read in conjunction with each other, no consumer – even if unsophisticated – could be objectively misled or confused.

## II. LEGAL STANDARD

A motion to dismiss under F\ED. R. C\IV. P. 12(b)(6) requires the Court to analyze the legal sufficiency of the complaint, not the factual merits of the case. *Autry v. Nw. Premium Servs., Inc.,* 144 F.3d 1037, 1039 (7th Cir. 1998). Because "[h]ow a particular notice affects its audience is a question of fact . . . not of law," district courts regularly allow plaintiffs alleging consumer confusion to proceed past 12(b)(6) motions. *See, Walker v. National Recovery, Inc.,* 200 F.3d 500, 501, 503 (7th Cir. 1999). However, the Seventh Circuit has cautioned that in some cases, courts should reject plaintiffs' claims "without requiring evidence beyond the letter itself." *See, Taylor v. Cavalry Inv., L.L.C.,* 365 F.3d 572, 574-75 (7th Cir. 2004). In particular, "[i]f not even 'a significant fraction of the population would be misled' by the debt collector's letter, then dismissal is required." *Gruber v. Creditors' Prot. Serv.,* 742 F.3d 271, 274 (7th Cir. 2014).

## III. ANALYSIS

The Fair Collection Practices Act ("the Act") protects the interests of "unsophisticated consumers" who are often the target of debt collectors. *Walker,* 200 F.3d at 501. The Act does this by, among other things, requiring that debt collectors provide consumers with written notices containing certain information. *See,* 15 U.S.C. §1692g(a). Of particular relevance

to this case, the Act requires a debt collector to send the consumer

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, *or any portion thereof*, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, *or any portion thereof*, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

15 U.S.C. §1692g(a)(3)-(4) (emphasis added).

Moreover, debtors must give such notices "in a nonconfusing manner." *Bartlett v. Heibl,* 128 F.3d 497, 500 (7th Cir. 1997). In judging whether a particular notice is confusing, the Seventh Circuit adheres to an objective unsophisticated consumer standard. *Gruber,* 742 F.3d at 273. An unsophisticated consumer is not a "completely ignorant" consumer. *Id.* Rather, he "possesses rudimentary knowledge about the financial world . . . [as well as] reasonable intelligence." *Pettit v. Retrieval Masters Creditors Bureau, Inc.,* 211 F.3d 1057, 1060 (7th Cir. 2000) (internal quotation marks omitted). When approaching a collection letter, the unsophisticated consumer may tend to read it "literally," but not "in a bizarre or idiosyncratic fashion." *Id.* Indeed, he reads such notices with "added care" and makes "basic logical deductions and inferences." *Id.*

## A. Read Literally, the Collection Letter Does Not Have the Confusing Meaning Plaintiff Ascribes to It

Plaintiff's allegation as to why the omission of the words "or any portion thereof" may confuse an unsophisticated consumer reads something into the Collection Letter that is not there. Plaintiff claims that by omitting the words "any portion thereof," the Defendant is conveying to the consumer that she must "dispute the *entire* debt." (Pl's Memo. Opp. Def's Mot. Dismiss 11-12, ECF. No. 15 (emphasis in original).) For example, Plaintiff asserts, "By omitting this statutorily required language, the Defendant gives the Plaintiff one choice, and one choice only, if she wishes to obtain verification of her debt: either dispute the *entire* debt, or get nothing," and "Defendant's Letter appears to require disputing the entire debt." *Id*. But of course, the word "entire" is not in the sentence. A consumer reading this sentence literally would not read that word.

The consumer would read the word "debt." To gain insight into what this word means to a consumer with "reasonable intelligence," the Court turns to the definition of this word as found in the Act. 15 USCS § 1692a(5) states, "The term 'debt' means any obligation or alleged obligation of a consumer to pay money." Thus, a debt is "any obligation . . . to pay money." According to Plaintiff, a debtor may be confused by the

Collection Letter because the debtor "may well recognize that she owes *some* money to a specific debtor, but also take issue with the amount of the debt." (Pl's Memo. Opp. Def's Mot. Dismiss 11, ECF. No. 15 (emphasis in original).) But if this consumer reads the word "debt" consistent with the definition the Act supplies, then she would understand that she may dispute the debt since "debt" means any obligation to pay, including an obligation to pay less than the full sum.

It is true that a particular consumer may read the word "debt" differently from how that word was defined in the Act. Still, it would be an odd conclusion to say that by using a word as it is defined by statute, Defendant has plausibly confused "a significant fraction of the population." This may be tantamount to holding that Congress uses language in a manner that confuses the very people it intends to protect (from confusion, of all things). This Court declines to reach such a holding.

### B. The Collection Letter Conforms to the Model Language Crafted by the Seventh Circuit

When the two sentences from the Collection Letter are read in conjunction with each other, they conform in substance to language that the Seventh Circuit crafted to be "a safe harbor for debt collectors who want to avoid liability" for alleged violations under § 1692(g)(a). *Bartlett,* 128 F.3d at 501. The Seventh Circuit did warn debt collectors that it was not

"certifying our letter as proof against challenges based on other provisions of the statute" not before the court in *Bartlett*. Nonetheless, Bartlett's lawsuit was based on the same statutory provision at play here, § 1692g(a), even if Bartlett complained about a different phrasing. Reliance upon this model language is appropriate.

The relevant model language from *Bartlett* reads:

> Federal law gives you thirty days after you receive this letter to dispute *the validity of the debt or any part of it*. If you don't dispute *it* within that period, I'll assume that it's valid. If you do dispute *it* -- by notifying me in writing to that effect -- I will, as required by the law, obtain and mail to you proof of the debt.

*Bartlett,* 128 F.3d at 501-02 (emphasis added). As a reminder, the Collection Letter complained of in this case reads,

> Unless you notify this office within 30 days after receiving this notice that you dispute *the validity of this debt or any portion thereof*, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute *the validity of this debt* this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

Plaintiff alleges that Collection Letter is confusing because it mentions the phrase "or any portion thereof" only once. By omitting that phrase from the second sentence, Defendant allegedly misleads the consumers into thinking that they must dispute the entire debt to trigger verification. The Court notes, however, that the model language includes the

phrase "or any part of it" only once as well. Moreover, this phrase is not found in the sentence discussing the consumer's verification right. Yet the Seventh Circuit is confident that this language is not confusing to the unsophisticated consumer.

Moreover, the Seventh Circuit did not reproduce the statutory language verbatim but rather used what it deemed to be nonconfusing shorthand for the phrase "the debt, or any portion thereof." In particular, the Seventh Circuit used the pronoun "it" to refer "the debt" in the first sentence and the same "it" to refer to "the debt or any part of it" in the second and third sentence. *See, Bartlett,* 128 F.3d at 501-02. The *Bartlett* court holds that nothing is lost on the unsophisticated consumers by such usage. Likewise, "this debt" in the Collection Letter functions as shorthand in the same way that "it" does in the model language. The unsophisticated consumers understand in both cases that their verification right is triggered by disputing "the debt, or any portion thereof," even if those specific statutory words are not used. *Accord, Gruber v. Creditors' Prot. Servs.,* 2013 U.S. Dist. LEXIS 68379, *4 (E.D. Wis. May 14, 2013), *aff'd,* 742 F.3d 271 (7th Cir. 2014) ("To comply with § 1692g(a), a debt collector does not have to reproduce the statutory notices verbatim.").

The Court's position is bolstered by how other courts have approached this issue. While not controlling authority, the

Sixth Circuit held in *Smith v. Transworld Systems, Inc.* that the language "All portions of this claim shall be assumed valid unless disputed within thirty days of receiving this notice" implies that "the claim can be wholly, or partially challenged" even though it "does not specifically state that a portion of the debt may be contested." *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1028-1029 (6th Cir. 1992). *Smith* was a review of a grant of summary judgment, but in making the holding above, the court looked only to the language of the collection letter. *Id.* The procedural posture of the case is thus not materially different from the Motion to Dismiss at hand. *Accord, Walker,* 200 F.3d at 504 ("When the plaintiff attaches the debt-collection letter as an appendix, the district court may treat a motion to dismiss the complaint as one for summary judgment.").

At least two other district courts have dismissed the case for failure to state a claim when the argument is that by omitting the phrase "or any portion thereof," the collection letter confused the unsophisticated consumer. In *Beasley v. Sessoms & Rogers, P.A.,* the court encountered language that read, "If we receive such a dispute from you, we will obtain verification of the debt and mail a copy of that verification to you. We will assume the debt is valid unless you dispute it, in whole or in part, within that thirty-day period." *See, Beasley v. Sessoms & Rogers, P.A.,* 2010 U.S. Dist. LEXIS 52010, *3-4

(E.D.N.C. Mar. 1, 2010). The court determined that this language satisfied the notice requirement under § 1692(g)(a)(4). *Id.* at *19-21. This is even though the phrase "in whole or in part" is found only in the sentence discussing validation and not verification. *Id.* Likewise, the court in *Parker v. CMRE Fin. Servs.* found the notice to be adequate despite the phrase "or any portion thereof" being used only once and not in discussing the verification right. *Parker v. CMRE Fin. Servs.*, 2007 U.S. Dist. LEXIS 82272, *3, 7-9 (S.D. Cal. Nov. 5, 2007).

Cases that Plaintiff cites do not compel a contrary conclusion. Plaintiff relies primarily on *McCabe v. Crawford & Co.*, 272 F.Supp.2d 736 (N.D. Ill. 2003) and *Chan v. N. Am. Collectors, Inc.*, 2006 U.S. Dist. LEXIS 13353 (N.D. Cal. Mar. 24, 2006). *See,* Pl's Memo. Opp. Def's Mot. Dismiss 12-14, ECF. No. 15. *McCabe*, and its authority *Baker v. G. C. Services Corp.*, are unpersuasive because, as Defendant correctly pointed out, the collection letters in those two cases do not mention the phrase "any portion thereof" (or some equivalent language) at all. *See, McCabe,* 272 F.Supp.2d at 738 and *Baker,* 677 F.2d 775, 778 (9th Cir. 1982). As such, those cases do not track Defendant's letter, which did include the phrase "any portion thereof" in the sentence immediately preceding the verification right. *See,* Table 1 below for a comparison of allegedly offending language from the different cases.

*Table 1: Collection Letters Alleged to Violate § 1692g(a)*

| **Language complained of in this case** ||
|---|---|
| "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." ||
| **Language found to comply with § 1692g(a)** | **Language found to (at least plausibly) violate § 1692g(a)** |
| "All portions of this claim shall be assumed valid unless disputed within thirty days of receiving this notice." *Smith v. Transworld Systems* | "Unless we hear from you within thirty (30) days after the receipt of this letter disputing this claim, Federal Law provides that this debt will be assumed to be valid and owing. In the event you contact us and dispute the charges owed, we will promptly furnish you with any and all documentation to substantiate the claim." *McCabe v. Crawford & Co.* |
| "If we receive such a dispute from you, we will obtain verification of the debt and mail a copy of that verification to you. We will assume the debt is valid unless you dispute it, in whole or in part, within that thirty-day period." *Beasley v. Sessoms & Rogers* | "Verification of this debt, a copy of judgment or the name and address of the original creditor, if different from the current creditor, will be provided if requested in writing within 30 days. Otherwise, the debt will be assumed to be valid." *Baker v. G. C. Services Corp.* |
| "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this | "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this |

| | |
|---|---|
| office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." *Parker v. CMRE Fin. Servs* | office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification." *Chan v. N. Am. Collectors, Inc.* |

**Model Language**

"Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, I'll assume that it's valid. If you do dispute it--by notifying me in writing to that effect--I will, as required by the law, obtain and mail to you proof of the debt."
*Bartlett v. Heibl*

The only relevant case to support Plaintiff's position is thus *Chan*. Unfortunately for Plaintiff, *Chan* relied on *Baker* – inapposite here – for its conclusion. *See, Chan,* 2006 U.S. Dist. LEXIS 13353 at *17. *Chan*, an opinion from a district court in California, is also unavailing because it applied the stricter "least sophisticated consumer" standard that prevails in the Ninth Circuit but that has been eschewed by the Seventh Circuit. *Compare, Baker,* 677 F.2d at 778 ("In evaluating the tendency of language to deceive, the [court] should look not to the most sophisticated readers but to the least.") (internal quotation omitted) *with Gammon v. GC Servs. Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. Ill. 1994) *and Gruber,* 742 F.3d at 274

("[T]he unsophisticated consumer is not the *least* sophisticated consumer.") (emphasis in original). Moreover, *Chan*'s holding cannot be reconciled with the model language found in the Seventh Circuit's *Bartlett* opinion. *Bartlett* is both persuasive and controlling for this Court.

In short, Plaintiff's Complaint must be dismissed because "not even a significant fraction of the population" would be misled by the allegedly offending language.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss [ECF No. 14] is granted.

**IT IS SO ORDERED.**

	Harry D. Leinenweber, Judge
	United States District Court

Dated: October 11, 2016